Case 5:17-cv-00160-JPB   Document 1-1   Filed 10/23/17   Page 1 of 7   PageID #: 6

## IN THE CIRCUIT COURT OF TYLER COUNTY, WEST VIRGINIA

**ROBERT ROMEO,**

    **Plaintiff,**

v.

**MICHAEL LEWIS and
ANTHONY CRISALLI,**

    **Defendants.**

FILED

AUG 2 1 2017

Candy L. Warner
Tyler Co. Circuit Clerk

CIVIL ACTION NO. 17-C-21
JUDGE Cramer

## COMPLAINT

Comes now the Plaintiff, Robert Romeo, by and through his counsel, Richard W. Walters and the law firm of Shaffer & Shaffer, PLLC, and for his Complaint against the defendants, states and alleges as follows:

## PARTIES

1.    Robert Romeo (sometimes hereinafter "Plaintiff") was, at all times relevant herein, a citizen and resident of Ravenswood, West Virginia.

2.    Michael Lewis, upon information and belief, is a resident of Pennsylvania, and at all times relevant herein and was President and CEO of Precision, LLC located in Sistersville, West Virginia.

3.    Anthony Crisalli, upon information and belief, is a resident of Ohio and at all times relevant herein and was employed by Precision, LLC located in Sistersville, West Virginia.



EXHIBIT
1

## FACTUAL BACKGROUND

4.      Plaintiff, Robert Romeo, began employment with Precision, LLC in 1997.

5.      In 2007, Precision was sold to Three Rivers Group.   After the sale, plaintiff agreed to stay on with the company beginning in March of 2007.

6.      As part of his agreement to stay on as an employee of Precision plaintiff signed an employment agreement dated March 15, 2007.

7.      Plaintiff's agreement with Precision was modified in 2011 to include commissions and a base salary.

8.      Throughout plaintiff's employment with Precision, Precision's main plant was located in Sistersville, West Virginia.

9.      Defendant Crisalli was assigned to Precision's Sistersville, West Virginia Plant in 2015.

10.      On August 21, 2015, plaintiff received an e-mail from Precision setting forth new quotas and sales targets.   According to the e-mail, the new goals needed to be realized by the end of September.

11.      On or about August 27, 2015, less than a week after the new sales quotas were given to plaintiff, defendant Lewis contacted plaintiff and asked if he would retire.   When plaintiff stated that he was not ready to retire, defendant Lewis advised plaintiff that his employment with Precision was being terminated.

12.      Upon information and belief, Lewis was instructed by defendant Crisalli to terminated plaintiff's employment.

13.      At the time of his termination plaintiff was 64 years old.

2

14.     Plaintiff's age was a factor in defendants' decision to terminate plaintiff's employment.

15.     Defendants' decision to terminate plaintiff's employment was in violation of the West Virginia Human Rights Act.

16.     In addition, defendants failed to pay plaintiff all earned income in violation of the West Virginia Wage Payment and Collection Act.

## COUNT I - VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT

17.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

18.     Pursuant to West Virginia Code § 5-11-9 it is an unlawful discriminatory practice for an employer to terminate and/or refuse to hire an individual based upon their age.

19.     West Virginia Code § 5-11-9 states that: "It shall be an unlawful discriminatory practice...[f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required ..."

20.     Defendants violated West Virginia Code § 5-11-9 by terminating plaintiff Romeo's employment because of his age.

21.     As a direct and proximate result of the defendants' illegal conduct in violation of West Virginia Code § 5-11-9, plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

3

22.     Defendants' actions were willful, wanton, malicious and/or undertaken with reckless disregard and/or reckless indifference to the rights of the plaintiff entitling the plaintiff to punitive damages in an amount to be determined by the jury.

## COUNT II – VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT
### (Individual Defendant)

23.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

24.     Pursuant to West Virginia Code § 5-11-9 it is an unlawful discriminatory practice for an employer to discriminate against an employee based upon age.

25.     West Virginia Code § 5-11-9(7)(A) states that it is unlawful for any person to: "Engage in any form of threats or reprisal, or to engage in, or hire, or conspire with others to commit acts or activities of any nature, the purpose of which is to harass, degrade, embarrass or cause physical harm or economic loss or to aid, abet, incite, compel or coerce any person to engage in any of the unlawful discriminatory practices defined in this section."

26.     Defendant Crisalli aided, abetted, incited, compelled and/or coerced defendant Lewis to engage in the unlawful discriminatory conduct described herein.

27.     As a direct and proximate result of the defendant's illegal conduct in violation of West Virginia Code § 5-11-9, plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

28.     Defendants' actions were willful, wanton, malicious and/or undertaken with reckless disregard and/or reckless indifference to the rights of the plaintiff entitling the plaintiff to punitive damages in an amount to be determined by the jury.

## COUNT III – WRONGFUL DISCHARGE
### (Violation of Public Policy)

29.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

30.     The West Virginia Human Rights Act at W. Va. Code § 5-11-2 sets forth the public policy of the State of West Virginia with regard to employment.   Specifically, that "[i]t is the public policy of the State of West Virginia to provide all of its citizens equal opportunity for employment .... Equal opportunity in the areas of employment and public accommodations is hereby declared to be a human right or civil right of all persons without regard to race, religion, color, national origin, ancestry, sex, age, blindness or handicap."

31.     W. Va. Code § 5-11-9(1) makes it an unlawful discriminatory practice "for any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment[.]"

32.     The Supreme Court of Appeals of West Virginia has declared that the West Virginia Human Rights Act clearly constitutes this State's "substantial public policy" against discrimination in employment. *Williamson v. Greene,* 200 W. Va. 421, 490 S.E.2d 23 (1997).

33.     Defendants violated West Virginia public policy by discriminating against and terminating plaintiff's employment because of his age.

34.     Though, the West Virginia Human Rights Act does not apply to employers who employ fewer than twelve employees, W. Va. Code §5-11-3(d), in the event defendant does not

5

employ twelve or more individuals, the Legislature has specifically set forth the public policy of the State of West Virginia and no employer, regardless of size, or individual may violate said public policy.  See Syl. Pt. 6, *Roth v. DeFeliceCare, Inc.*, 226 W. Va. 214; 700 S.E.2d 183 (2010) citing, Syl. Pt. 8, *Williamson v. Greene*, 200 W. Va. 421, 490 S.E.2d 23 (1997).

35.    As a direct and proximate result of the defendants' wrongful termination of plaintiff in violation of the public policy of West Virginia, plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

36.    Defendants' actions were willful, wanton, malicious and/or undertaken with reckless disregard and/or reckless indifference to the rights of the plaintiff entitling the plaintiff to punitive damages in an amount to be determined by the jury.

## COUNT IV – VIOLATION OF THE WEST VIRGINIA WAGE PAYMENT AND COLLECTION ACT

37.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

38.    Defendants have refused to pay plaintiff all commissions and/or salary earned while employed by Precision.

39.    West Virginia Code § 21-5-4(b) states that: "Whenever a person, firm or corporation discharges an employee, or whenever an employee quits or resigns from employment, the person, firm or corporation shall pay the employee's wages due for work that the employee performed prior to the separation of employment on or before the next regular payday on which the wages would otherwise be due and payable..."

6

40.     Defendants violated West Virginia Code § 21-5-4 by failing to pay plaintiff all wages due and owing upon his termination.

41.     As a direct and proximate result of the defendants' illegal conduct, plaintiff has incurred lost income and as such is entitled, "in addition to the amount which was unpaid when due ... two times that unpaid amount as liquidated damages." as set forth in West Virginia Code § 21-5-4.

WHEREFORE, plaintiff requests judgment against the defendants jointly and severally as follows:

a.     Compensatory damages, including lost wages and benefits;

b.     Emotional distress damages;

c.     Punitive damages;

d.     Attorney fees and costs;

e.     Prejudgment interest on all amounts claimed; and

f.     Such further relief as the Court may find appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

**ROBERT ROMEO,**
**Plaintiff,**

**By Counsel**

Richard W. Walters (WVSB #6809)
SHAFFER & SHAFFER, PLLC
P.O. Box 3973
Charleston, WV 25339
Telephone: 304-344-8716

7